MARIA G. HUBBELL, RESPONDENT, v. GEO. H. BLAKESLEE AND OTHERS, APPELLANTS.

*Mortgage — after payment — cannot be made to continue, as a valid security — trust in relation to.*

No trust can be created and attached to an existing mortgage, so as to make it a valid security for any greater amount than that specified in the body and upon the face thereof.

After the execution and delivery of a mortgage, but on the same occasion, and while the parties were still together, it was agreed between the mortgagor and the mortgagee that the latter should hold the mortgage until his debt was paid, and then assign it to the plaintiff, to be held by her as security for a debt owing to her by the mortgagor.

The debt of the mortgagee having been paid, the mortgage was assigned to the plaintiff, who brought this action to foreclose it. *Held*, that the payment of the debt to the mortgagee extinguished his mortgage, and the assignment to the plaintiff was a nullity.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*J. S. Garlock*, for the appellants.

*J. A. Stall*, for the respondent.

E. DARWIN SMITH, J. :

The complaint in this action sets out a promissory note, made by Charles Burgess for $3,150.72, payable to Allen Todd, six months after date (November 1, 1871), and a mortgage given at same date as collateral to said note, and the assignment of the said note and mortgage to the plaintiff, and prays for the usual judgment of

foreclosure and sale of said mortgaged premises for the non-payment of said note, claiming that there was, at the commencement of said action, actually due on said note and mortgage the sum of $3,653.25.

Several of the defendants in said action, being judgment or attaching creditors of the said Charles Burgess, defended on the ground that said note and mortgage had been paid and satisfied.

The proofs in the case clearly show that the said note and mortgage were afterwards secured also by a conveyance of real estate, together with other debts of the said Burgess, amounting in the aggregate to the sum of $8,626.79. That said Todd had given to the wife of Burgess an agreement for a sale and conveyance to her of said real estate, on the payment of such debt. That such repurchase was never made or debt paid by Mrs. Burgess, but on the contrary she gave up said contract of sale to the executors of said Todd, who received said real estate in full payment of said debt, they at the same time agreeing to assign said note and mortgage in suit to the plaintiff.

The clear legal effect of this arrangement was to pay and satisfy the said note and mortgage. The debt to Todd which said note and mortgage were given to secure was paid; it no longer existed as a valid claim in law or equity, and the assignment of said note and mortgage to plaintiff was a nullity. It was a simple assignment of a paid up security.

In this view the defense to said action was complete, and the complaint should have been dismissed.

But in answer to this view it was shown at the trial, that after the execution and delivery of said note and mortgage, but on the same occasion and while the parties were together, it was agreed between them that " said Todd should hold said note and mortgage, as well for the security of the indebtedness of said Burgess to the plaintiff (being a liability as guarantor in the sum of $3,500) as for his own claim against said Burgess;" "that is to say, that said Todd should first hold the same as collateral security for his own claim as aforesaid, until the said claim should be discharged, and thereupon the same should be assigned to and held by the said Maria G. Hubbell, as collateral security for her said claim as aforesaid; and that Allen Todd accepted and received said note and

mortgage upon said agreement and understanding; and directly after the execution and delivery of said promissory note and mortgage to said Todd, the terms of said agreement and the fact that it had been made were communicated both by said Todd and said Burgess, jointly, to said plaintiff, who assented thereto; and the agreement was made without fraud and in good faith," as set forth in the findings of the judge at Special Term.

Upon this finding of fact the learned judge held, as matter of law, "that the said Allen Todd and his legal representatives held the said promissory note, for $3,158.72, of Charles Burgess and the mortgage in suit, in part for the security for his own debt and partly as trustee for the plaintiff; and that said note and mortgage were not, as to said Charles Burgess and his other creditors, paid or satisfied by the payment in full of said Todd's indebtedness against him merely, nor until the payment of said debt of the said plaintiff against him as well;" and gave judgment for the full amount of the plaintiff's debt, with interest and costs.

The legal effect of this decision is, that a complete executed mortgage given as security for a debt of $3,158.72, specified in said mortgage, is thus duplicated by parol and made a valid and existing mortgage also, for another debt to the plaintiff of $3,500. Or, in other words, a mortgage which upon its face is security for $3,158.72, is in fact made by parol a valid mortgage for $6,658.72.

I cannot see how this can be done, or how such decision can be sustained.

It is in distinct conflict with the sixth section of title 1, chapter 7, part 2, vol. 2, page 134 of the Revised Statutes, which is as follows: "No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared unless by act or operation of law or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto, authorized in writing."

A mortgage, though a security for a debt, is also a conveyance of real estate, and is recorded as such, and the registry must show the true amount for which it is made and held.

It is doubtless true, as held in *Truscott* v. *King* (6 N. Y., 147),

and other cases cited by plaintiff's counsel, that a mortgage may be given or a judgment confessed to secure future advances to the extent of it, which will be effectual as a security for such advances against subsequent incumbrancers having notice of such mortgage, or judgment and advances. But in these cases the judgment or mortgage are or must be given for a definite amount upon their face, and the advance must be within the limits of such amount.

This case is not within the principle of that class of cases; it is simply an attempt to tack to or graft upon a written and executed mortgage, under hand and seal of the mortgagor, a parol mortgage for one double its amount.

This I think cannot be done directly, or by any indirection. It is in the teeth of the statute. (*Stoddard* v. *Hart*, 23 N. Y., 556; *Bank of Utica* v. *Finch*, 3 Barb. Ch. Rep., 293.)

No trust can be created and attached to an existing mortgage in such case, that can make it a valid security for any greater amount than that specified in the body and upon the face thereof.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment reversed and new trial granted, with costs to abide event.